IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| SHEILA GUND, | Case No. 6:24-cv-1448-MC |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| MARION COUNTY, STAYTON FIRE DISTRICT, and STATE OF OREGON, | |
| Defendants. | |

MCSHANE, Judge:

Plaintiff Sheila Gund brings this action against Defendants Marion County, Stayton Fire District, and the State of Oregon. *See* Pl.'s First Am. Compl., ECF No. 9 ("FAC"). Before the Court is the State's Motion to dismiss all opposing claims. State's Mot. Dismiss, ECF No. 10.

For the reasons stated below, the Motion is GRANTED.

## **BACKGROUND**[1]

Plaintiff and her domestic partner, John-John Jimerson, are d/Deaf. FAC ¶¶ 21, 50. American Sign Language ("ASL") is Plaintiff's primary language. *Id.* at ¶ 24.

On September 3, 2023, "Defendant Marion County Sheriff's Deputies and other Marion County employees made the assumption that Plaintiff was either a witness or was the victim of domestic violence" involving Mr. Jimerson at a summer camp in Marion County. *Id.* at ¶ 11. Mr.

---

[1] At the motion to dismiss stage, this Court takes Plaintiff's allegations as true. *See Burget v. Lokelani Bernice Pauahi Bishop Tr.*, 200 F.3d 661, 663 (9th Cir. 2000).

Jimerson was subsequently charged with a crime, and "Plaintiff sought to be present at all critical stages of the proceeding held in open court." *Id.* at ¶ 58.

On September 5, 2023, Plaintiff attended Mr. Jimerson's arraignment. *Id.* at ¶ 65. There was an ASL interpreter for Mr. Jimerson but not for Plaintiff. *Id.* "Mr. Jimerson's ASL interpreter told Plaintiff that the judge signed a no-contact order prohibiting Mr. Jimerson from having contact with Plaintiff." *Id.* at ¶ 66. Before the hearing, the District Attorney victim's advocate met with Plaintiff; they communicated through written notes. *Id.* at ¶ 64.

On October 11, 2023, Plaintiff attended Mr. Jimerson's plea hearing. *Id.* at ¶ 70. There was an ASL interpreter for Mr. Jimerson but not for Plaintiff. *Id.* Again, the victim's advocate met with Plaintiff before the hearing and communicated through written notes *Id.* at ¶ 68.

On November 16, 2023, Plaintiff and Mr. Jimerson appeared for a status hearing. *Id.* at ¶ 72. No ASL interpreter was provided for Plaintiff. *Id.* Following the proceeding, Plaintiff had a typed conversation with the Deputy District Attorney. *Id.* at ¶ 73.

On December 6, 2023, Plaintiff attended a second arraignment for Mr. Jimerson. *Id.* at ¶ 75. An interpreter was present for Mr. Jimerson, but not for Plaintiff. *Id.*

On January 4, 2024, Plaintiff attended a status hearing for Mr. Jimerson's case. *Id.* at ¶ 77. No ASL interpreter was present. *Id.* After the hearing, Plaintiff had another written conversation with the Deputy District Attorney. *Id.* at ¶ 78.

On March 7, 2024, Plaintiff attended a pretrial conference for Mr. Jimerson's case. *Id.* at ¶ 79. No ASL interpreter was provided for Plaintiff. *Id.*

On March 14, 2024, Plaintiff attended "a scheduled proceeding" in Mr. Jimerson's case. *Id.* at ¶ 80. There was an interpreter for him, but not for Plaintiff. *Id.* Plaintiff had another conversation with the Deputy District Attorney, this time through the interpreter. *Id.* at ¶ 81.

On June 27, 2024, Plaintiff attended "a scheduled court appearance" in Mr. Jimerson's case. *Id.* at ¶ 83. No ASL interpreter was provided for Plaintiff. *Id.*

On July 11, 2024, Plaintiff attended a hearing regarding the no-contact order between Plaintiff and Mr. Jimerson. *Id.* at ¶ 85. The court lifted the order. *Id.* Plaintiff claims no ASL interpreter was present. *Id.*

## ISSUE

Plaintiff subsequently filed this action, asserting four claims (her First, Second, Fourth, and Sixth Claims for Relief) against the State of Oregon Judicial Department ("OJD") for failing to provide adequate communication services in violation of federal and state laws.

The State moves to dismiss each pursuant to Federal Rule of Civil Procedure 12(b)(6).

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id.* at 678.

The Court, considering a motion to dismiss, must accept all allegations of material fact as true and construe those facts in the light most favorable to the non-movant. *Burgert v. Lokelani Bernice Pauahi Bishop Tr.*, 200 F.3d 661, 663 (9th Cir. 2000). But the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. If the complaint is dismissed, leave to amend should be granted unless "the pleading could not possibly be cured by the allegation of other facts." *Doe v. U.S.*, 58 F.3d 494, 497 (9th Cir. 1995).

## DISCUSSION

### I.   The First and Second Claims for Relief

Plaintiff's First Claim alleges that OJD violated Title II of the Americans with Disabilities Act ("ADA") by failing to provide adequate communication services through an ASL interpreter. Plaintiff's Second Claim similarly alleges that OJD violated § 504 of the Rehabilitation Act ("RA") by failing to provide Plaintiff services because of her disability.[2]

These Claims fail for a few reasons.

First, as a preliminary matter, Plaintiff's allegations are based on an unsupported contention that she was entitled to a personal interpreter at every hearing. In her Amended Complaint, Plaintiff asserts that OJD "failed to provide Plaintiff with her own ASL interpreters when she attended court proceedings concerning Mr. Jimerson." FAC ¶ 14. However, of the nine proceedings that Plaintiff attended, an ASL interpreter was present at four of them. Without pointing to some authority that required the court to provide Plaintiff an additional interpreter to individually serve her, Plaintiff's allegations as to those four hearings fail to state a claim.

For the remaining five hearings which lacked an ASL interpreter, Plaintiff's allegations fail to state a claim because she has not demonstrated that she complied with the court's notice requirement. To Plaintiff's point, despite her "role" in the hearing, courts are required to "furnish appropriate auxiliary aids and services where necessary to afford individuals with disabilities . . . an equal opportunity to participate in, and enjoy the benefits of, a service, program, or activity of a public entity." 28 C.F.R. § 35.160(b)(1). Nonetheless, "[i]f an accommodation under the ADA is needed for an individual in a court proceeding, the party needing accommodation for the

---

[2] Because ADA claims and RA claims mirror each other, courts address them together. *See e.g.*, *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001).

4 – Opinion & Order

individual must notify the court in the manner required by the court as soon as possible, but no later than four judicial days in advance of the proceeding." UTCR 7.060(1). According to the Amended Complaint, Plaintiff did not provide notice to the to court at least four days in advance of any of the proceedings. Rather, following Mr. Jimerson's first court appearance, Plaintiff told the interpreter "that she would be showing up to every court appearance in Mr. Jimerson's case, and she needed an interpreter for each appearance." FAC ¶ 67. For those remaining hearings, Plaintiff alleges that she requested an ASL interpreter from the front desk staff immediately prior to the proceeding. *See id.* at ¶¶ 69, 72, 75. Based on the factual allegations in the Amended Complaint, Plaintiff did not comply with the notice requirements that would have entitled her to an ASL interpreter.

Finally, even if Plaintiff had effectively notified the court of her need for an ASL interpreter, her ADA and RA claims require Plaintiff to show that the court's failure to act was a result of intentional discrimination. *See, e.g.*, *Updike v. Multnomah Cnty.*, 870 F.3d 939, 951 (9th Cir. 2017) ("A public entity may be liable for damages under Title II of the ADA or § 504 of the Rehabilitation Act 'if it intentionally or with deliberate indifference fails to provide meaningful access or reasonable accommodation to disabled persons.'") (original citations omitted). Here, the Amended Complaint lacks any factual allegations from which the Court could plausibly infer that the State's failure to provide an ASL interpreter to Plaintiff every time she attended a hearing regarding Mr. Jimerson was the product of intention discrimination. As the State highlights, where "the evidence shows 'bureaucratic slippage that constitutes negligence rather than deliberate action or inaction,'" an ADA or RA claim will fail. *Id.* at 952.

Plaintiff's ADA and RA claims fail to state a cognizable legal claim. The Motion is granted as to Plaintiff's First and Second Claims for Relief.

## II.    The Fourth and Sixth Claims for Relief

Plaintiff's Fourth and Sixth Claim allege that OJD violated Oregon state laws regarding unlawful discrimination and crime victim's rights.

Absent congressional abrogation or unequivocal waiver of state sovereign immunity, the Eleventh Amendment bars federal courts from exercising jurisdiction over state-law claims asserted against a state. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 121 (1984). Here, because Plaintiff's Fourth and Sixth Claims are state law-based claims asserted against the State and no wavier of immunity is applicable, the Court lacks subject-matter jurisdiction to hear them. Plaintiff concedes as much. *See* Pl.'s Resp. 2.

The Motion is therefore granted as to Plaintiff's Fourth and Sixth Claims for Relief.

## CONCLUSION

The State's Motion to Dismiss, ECF No. 6, is withdrawn.[3] The State's Motion to Dismiss the Amended Complaint, ECF No. 10, is GRANTED. Plaintiff's First, Second, Fourth, and Sixth Claims for Relief are dismissed without prejudice as to the State of Oregon Judicial Department. Any amended complaint is due within thirty (30) days of this Opinion and Order.

IT IS SO ORDERED.

DATED this 6th day of December 2024.

_____s/Michael J. McShane_____
Michael J. McShane
United States District Judge

---

[3] After Plaintiff filed her Amended Complaint, the State withdrew its original motion to dismiss. *See* State's Mot. at 1.