IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISON

| | |
|---|---|
| SHEILA GUND, | Case No. 6:24-cv-1448-MC |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| MARION COUNTY, STAYTON FIRE DISTRICT, and STATE OF OREGON, | |
| Defendants. | |

_____

MCSHANE, Judge:

Plaintiff Sheila Gund moves this Court to reconsider its dismissal of Plaintiff's First and Second Claims, or alternatively, to accept her proposed second amended complaint ("SAC"). *See* Pl.'s Mot. Recons., ECF No. 19; SAC at Ex. 1 ("Pl.'s Mot."). Defendant State of Oregon moves against reconsideration and in favor of dismissing the SAC. *See* Def.'s Mot. Dismiss, ECF No. 22 ("State's Mot."). Because Plaintiff failed to demonstrate that reconsideration is proper, her Motion is DENIED. However, because the SAC makes out plausible claims under Title II of the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act ("RA"), the State's Motion is DENIED IN PART and GRANTED IN PART, as explained below.

1 – Opinion & Order

## BACKGROUND[1]

This is Plaintiff's third attempt at pleading, *see* ECF Nos. 1, 9, 19, and the State's third motion to dismiss, *see* ECF Nos. 6, 10, 22.

The underlying action springs from the arrest and prosecution of Plaintiff's partner, John-John Jimerson. He and Plaintiff are deaf and communicate primarily through American Sign Language ("ASL"). Compl. ¶¶ 24, 50, ECF No. 1. Their family was attending a camp for d/Deaf individuals during the summer of 2023, when Mr. Jimerson was involved in an incident that resulted in his arrest. *Id.* at ¶¶ 35–57. He was charged with a crime and ordered not to contact Plaintiff because the prosecutor believed, at the time, that Plaintiff was the victim of domestic violence at the hands of Mr. Jimerson. *Id.* at ¶ 57. Plaintiff, however, maintained that Mr. Jimerson had not harmed her and sought to be present at all critical stages of the proceedings held in open court. *Id.* at ¶ 58. The instant Motions pertain to those proceedings.

From September 2023 to July 2024, the State of Oregon Judicial Department ("OJD") held nine hearings regarding Mr. Jimerson's criminal charges. Those hearings ranged in purpose, from substantive hearings (Mr. Jimerson's arraignment, a plea hearing, a status arraignment, a motion hearing, and a no-contact order hearing) to more minor hearings typically only attended by counsel (two status conferences and two a pre-trial conferences). An ASL interpreter was present for the substantive hearings. *Id.* at ¶¶ 65, 68, 73, 78, 83.[2] No ASL interpreter was present

---

[1] Because the instant Motions pertain only to Defendant State of Oregon, the Court does not rehash the entire factual background here.

[2] Plaintiff alleges that "[n]either the Oregon Judicial Department nor the Marion County District Attorney provided an interpreter for Plaintiff" at the no-contact order hearing on July 11, 2024. Defendant has submitted a declaration attesting to the presence of interpreter Damon Thayer in the courtroom. Hukari Decl. ¶ 5, ECF No. 7. Because the Court takes the allegations as true, it understands that on July 11, one interpreter attended but he was not designated to serve Plaintiff.

for the minor hearings. *Id.* at ¶¶ 70, 75, 77, 81.³ Plaintiff chose to attend all nine hearings, and was able to utilize the interpreter on a few of those occasions. *Id.* at ¶¶ 66, 69, 79. The no-contact order was finally lifted on July 11, 2024, and Mr. Jimerson was permitted to return to his family. *Id.* at ¶ 83.

On August 30, 2024, Plaintiff filed this action. She alleged that the State violated the Title II of the ADA and § 504 of the RA by failing to provide Plaintiff with adequate communication services through a personal ASL interpreter during Mr. Jimerson's criminal proceedings. *Id.* at ¶¶ 84–101 (First and Second Claims).⁴ She also alleged that the State violated Oregon laws governing disability discrimination and crime victims' rights. *Id.* at ¶¶ 105–12, 117–22 (Fourth and Sixth Claims).

The State moved to dismiss all four claims, noting in part that Plaintiff failed to allege whether she gave anyone at OJD notice of her attendance or attempts to arrange a second interpreter. Def.'s Mot. Dismiss, ECF No. 6. Instead of responding, Plaintiff filed an amended complaint, clarifying the nature of the hearings and alleging that she provided notice to "front desk staff" and the interpreter. *See* Am. Compl. ¶¶ 67, 69, 72, 75, 80, ECF No. 9 ("FAC").

The State moved to dismiss again. Def.'s Mot. Dismiss, ECF No. 10. On the state law claims, the State argued that, as an "arm of the state," Eleventh Amendment immunity barred this District Court from exercising jurisdiction. *Id.* at 11–12; *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 117–21 (1984) (holding that federal suits against a state based on state law contravene the Eleventh Amendment, even in the case of pendant jurisdiction). On the federal claims, the State argued that Plaintiff still had not alleged that *a member of OJD* was on

---

³ See Hukari Decl. ¶ 2, for a clarification of the nature of the unidentified proceedings.

⁴ Because ADA claims and RA claims mirror each other, courts address them together. *See, e.g., Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001).

3 – Opinion & Order

notice that Plaintiff planned to attend each hearing and needed a personal interpreter at each. And for the hearings that were attended by an interpreter, whose services Plaintiff utilized, Plaintiff failed to allege why, under the ADA or RA, she would be entitled to a *personal* interpreter. Absent those factual allegations, the FAC failed to make out claims under the ADA or RA which require both (1) notice of the need for accommodation and (2) a deliberate failure to act on that need. *See Updike v. Multnomah Cnty.*, 870 F.3d 939, 950–51 (9th Cir. 2017).

Plaintiff responded in two pages. *See* Pl.'s Resp., ECF No. 13. She conceded the state law claims and requested they be dismissed without prejudice so that she could refile in state court. *Id.* at 2. She disagreed on the federal claims, offering scant arguments in opposition. Her main contentions were that notice to the interpreter should suffice as notice to OJD; that regardless, someone should have appraised Plaintiff of the court's notice rules; and finally, that this case is distinguishable from *Updike* because Plaintiff "was the perceived victim of a crime, who had repeatedly requested effective interpreters be provided for her." *Id.* at 2–3.

The Court granted the State's motion and dismissed Plaintiff's First, Second, Fourth, and Sixth claims without prejudice. Op. and Order 6, ECF No. 16. Plaintiff was granted 30 days to cure the deficiencies in light of the State's arguments and the Court's ruling. Now, Plaintiff has timely filed a SAC, but she moves preliminarily under Federal Rule of Civil Procedure 60(b)(1) seeking relief from this Court's Order dismissing the First and Second Claims. Pl.'s Mot. 2. The State again moves to dismiss all opposing claims. State's Mot. 1.

For the reasons discussed below, Plaintiff's Motion is denied, and the State's Motion is denied and granted in part.

**DISCUSSION**

I.    **Plaintiff's Motion for Reconsideration**

Rule 60(b)(1) allows a district court to relieve a party from a final order where the movant can show "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1); *see also Straw v. Bowen*, 866 F.2d 1167, 1172 (9th Cir. 1989). Whether to grant or deny a Rule 60(b) motion is within the district court's discretion. *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1224 (9th Cir. 2000). However, where a movant is simply attempting to relitigate issues central to the merits of the case, the motion should be denied, "[a]s the merits of a case are not before the court on a Rule 60(b) motion." *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1261 (9th Cir. 2004).

Plaintiff's Motion does not clarify the grounds on which she bases her requested relief. Beyond merely mentioning Rule 60(b)(1) by name, the Motion fails to engage with the Rule's standards at all. The Court therefore assumes, based on what is advanced in the Motion, that Plaintiff is asserting this Court's dismissal was mistaken. *See Maney v. Winges-Yanez*, No. 6:13-CV-00981-SI, 2014 WL 5038302, at *2 (D. Or. Oct. 8, 2014) (explaining that Rule 60(b)(1) motions premised on mistake may provide relief in two instances: when a party has made an excusable mistake or when the judge has made a "substantive error of law or fact").

To succeed on such a motion, Plaintiff must identify a "specific error" in the Court's reasoning. *Straw*, 866 F.2d at 1172. Plaintiff does not do so here. No case law is cited. No errors of fact are alleged. No intervening changes in law are mentioned. Instead, Plaintiff recaps the factual allegations and contends that it is a question of fact whether a single interpreter satisfied Plaintiff's accommodation request. Problematic to Plaintiff's point, the challenged Order did not endeavor to resolve that question of fact. Rather, the Order highlighted for Plaintiff where her

allegations failed to support her claim and gave her an opportunity to cure. Plainly, where a plaintiff simultaneously alleges that she was denied an ASL interpreter but also that an ASL interpreter was provided *who she successfully utilized*, more factual allegations are needed to show that the interpreter was ineffective such that an ADA/RA violation may be inferred. Likewise, where a plaintiff claims that she was entitled to an individual interpreter but does not allege that she properly notified the court of her needs, an ADA/RA claim has not been stated because it cannot be concluded that the defendant was on notice of her specific request. That was the basis for this Court's dismissal—not a per se finding that one ASL interpreter is sufficient for any number of deaf individuals. Lacking any cogent argument to justify relief, Plaintiff's Motion is simply an improperly filed disagreement with the result of the ruling. *See United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (explaining that "[a] party seeking reconsideration must show more than a disagreement with the Court's decision"). This Court declines to defend its Order further, absent any specific errors raised by Plaintiff. Because she has not developed any argument concerning mistake, inadvertence, surprise, or excusable neglect, Plaintiff has failed to show that she is entitled to reconsideration.[5] The Motion is denied.

      The Court turns its assessment to the SAC and the State's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

---

[5] Plaintiff inserts a passing second plea for reconsideration in her response brief, this time based on "newly presented evidence." *See* Pl.'s Reply 2, ECF No. 23 ("Plaintiff's newly presented evidence, the email sent within OJD concerning ordering interpreters, warrants reconsideration with respect to the deliberate indifference standard.") Federal Rule of Civil Procedure 60(b)(2) allows relief for "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). It is not clear whether Plaintiff is relying on Rule 60(b)(2), because no rule is cited. However, to the extent she is, no new email evidence is provided. Instead, Plaintiff submits declarations from two of Mr. Jimerson's attorneys attesting to conversations that they witnessed and their general observations. *See* Hanson Decl. ¶ 5, ECF No. 24; Baker Decl. ¶¶ 5–7, ECF No. 25. This is not "newly discovered evidence," and it provides no justification for granting relief from an order that dismissed claims with leave to cure pleading deficiencies. Because Plaintiff again fails to articulate a cogent argument in support of granting relief, her request is denied here too.

## II.    State's Motion to Dismiss

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id.* at 678. In considering a motion to dismiss, the court must accept all allegations of material fact as true and construe those facts in the light most favorable to the non-movant. *Burgert v. Lokelani Bernice Pauahi Bishop Tr.*, 200 F.3d 661, 663 (9th Cir. 2000). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The State moves to dismiss the First, Second, Fourth, and Sixth Claims asserted in the SAC, arguing that newly alleged facts do not to cure all pleading deficiencies and still fail to state a claim.[6]

The Court agrees as to the Fourth and Sixth Claims. Plaintiff has conceded their dismissal, has asked that they be dismissed without prejudice, and has not raised a single argument in opposition. Yet, puzzlingly, those two claims are reasserted in the SAC. The Court assumes that this was a mistake. The State's Motion is granted as to those claims.

---

[6] The State also repeatedly asserts that OJD may not be maintained in the First Claim because it is an arm of the State, and the State is not a "person" subject to suit under 42 U.S.C. § 1983. As support, the State cites to *Will v. Michigan State Dept. of Police*, 491 U.S. 58 (1989). The First Claim, however, is not brought under § 1983. It is brought under Title II of the ADA. The State advances no argument that a Title II ADA claim is subject to Eleventh Amendment immunity. Likely because the Supreme Court has already established that Congress validly abrogated state sovereign immunity with respect to Title II of the ADA "as it applies to the class of cases implicating the fundamental right of access to the courts." *Tennessee v. Lane*, 541 U.S. 509, 533–34 (2004). Accordingly, this argument fails.

7 – Opinion & Order

As to the First and Second Claims, the Court disagrees and declines to dismiss the ADA and RA claims as alleged in the SAC. To establish an ADA or RA violation, a plaintiff must (1) be a qualified individual with a disability, (2) who was denied a reasonable accommodation that is needed for her "to enjoy meaningful access to the benefits of public services," (3) by a public entity (ADA) or program that receives federal funding (RA). *Csutoras v. Paradise High Sch.*, 12 F.4th 960, 968–69 (9th Cir. 2021) (quoting *A.G. v. Paradise Valley Unified Sch. Dist. No. 69*, 815 F.3d 1195, 1204 (9th Cir. 2016)). Plaintiff has alleged that she is a d/Deaf individual and is therefore a qualified individual with a disability for purposes of the ADA/RA. To show she was denied an accommodation by the State, Plaintiff "must show that the accommodations offered . . . were not reasonable, and that [she] was unable to participate equally in the proceedings at issue." *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1137 (9th Cir. 2001). The SAC alleges that, "[a]s a result of not having a designated interpreter, Plaintiff was not able to meaningfully participate in the hearing" on at least one occasion. SAC ¶ 82. It also provides supplemental allegations explaining that effective ASL communication "requires unobstructed face-to-face communication for both the interpreter and the Deaf individual." *Id.* at ¶ 35.

For Plaintiff to recover monetary damages under the ADA or RA, she must clear an additional hurdle of proving intentional discrimination on the part of the State. *Csutoras*, 12 F.4th at 969; *see also Duvall*, 260 F.3d at 1138. The Ninth Circuit has adopted the "deliberate indifference standard" which demands "both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood." *Duvall*, 260 F.3d at 1139. "When the plaintiff has alerted the public entity to [her] need for accommodation (or where the need for accommodation is obvious, or required by statute or regulation), the public entity is on notice that an accommodation is required, and the plaintiff has satisfied the first element of the

deliberate indifference test." *Id.* The second element is met if entity's "failure to act [was] a result of conduct that is more than negligent, and involves an element of deliberateness." *Id.* In the SAC, Plaintiff has clarified that notice was provided to members of OJD. She now alleges that she expressed her need for an ASL interpreter "for all court dates" to "a member of the Oregon Judicial Department staff stationed at a desk to answer questions from members of the public" on October 11. *Id.* at ¶ 70. By reference, this amendment also clarifies subsequent allegations that OJD was notified a second time on November 16 ("Plaintiff showed messages on her phone to front desk staff. She wrote 'Are the interpreters here for this court? For me and John John Jimerson?'") and a third time on December 6 ("Plaintiff attempted to communicate with front desk staff through written notes on her telephone. She wrote 'I'm here for John John Jimerson court 5A and is there an interpreter and victim advocate here?'"). *Id.* at ¶¶ 73, 76. Plaintiff also adds facts regarding an email from the judicial assistant stating that she "ordered an interpreter for the victim and the defendant" in advance of the motion hearing on March 14. This indicates that at least by March 14, OJD was aware of Plaintiff's request for a secondary interpreter. *Id.* at ¶ 81.

Given that we are only at the pleading stage, the Court finds that Plaintiff has made out plausible claims under the ADA and RA by alleging facts that, if true, indicate that a singular interpreter was not an effective accommodation and that the State was indifferent to her disability by failing to provide her with an ASL interpreter as requested. The Court therefore denies the State's Motion in part, finding that Plaintiff has adequately stated her First and Second Claims.

**CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Reconsideration, ECF No. 19, is DENIED. Defendant's Motion to Dismiss, ECF No. 22, is DENIED as to the First and Second Claims and GRANTED as to the Fourth and Sixth Claims. Plaintiff's Fourth and Sixth Claims are again dismissed without prejudice.

IT IS SO ORDERED.

DATED this 9th day of April 2025.

                                                                       ___s/Michael J. McShane_____
                                                                             Michael J. McShane
                                                                      United States District Judge